**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sherri Strole, | No. CV-24-08211-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Wirth, et al., | |
| Defendants. | |

On December 3, 2025, Plaintiff Sherri Strole ("Plaintiff") filed a Motion for Waiver of All Fees and Costs (including reproduction costs for case files, transcripts, and recordings), and Motion to Reinstate Case and Consolidate and Expand or Assign Legal Counsel (Doc. 19).

Plaintiff's case was closed for failure to prosecute on August 4, 2025. (*See* Doc. 18). Plaintiff now requests the reinstatement of her case, claiming that she was "unable to meet the traditional and restricted (by clerks) service requirement that led to dismissal." (Doc. 19 at 2). Because Plaintiff submitted her motion for reinstatement more than ten days after entry of judgment, the Court must treat it as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See American Ironworks & Erectors, Inc. v. North Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Rule 60(b) permits a district court to relieve a party from a final order or judgment on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation of an adverse party; (4) the

judgment is void; (5) the judgment has been satisfied or discharged; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

Although Plaintiff states that the dismissal of her case was "in error" and the "clerks denied return of summons with conformed copies in order to facilitate traditional service," she provides no further explanation or proof, nor does she explain why she was waited months after her case was closed to bring this Motion.  (*See* Doc. 19 at 2).  Simply put, Plaintiff has not made the proper showing to establish grounds for relief under any of the above circumstances.  *Bailey v. United States*, 250 F.R.D. 446, 448 (D. Ariz. 2008) ("A party seeking relief from the judgment has the burden of demonstrating such relief is appropriate.")

Plaintiff also seeks to consolidate several state court cases into this matter.  (See Doc. 19 at 5–6).  However, this request is futile.  Fed. Rule Civ. Proc. 42(a) only permits consolidation of cases "*before the court*."  *Id.* (emphasis added).  It does not enable the Court to consolidate its federal court case with a case filed in state court, even if there is common parties and subject matter.  *See O'Donahue v. Tuugiiboss Trans Inc.*, 2024 WL 1533612, \*2 (W.D. Wash. 2024); 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2382 (3d ed. 2023) ("[A] court may not consolidate an action pending in federal court with an action pending in state court.").  Her requests to consolidate other cases in this District into this matter (*see* Doc. 19 at 5–6), likewise, fails because this case is closed and will remain closed.

Lastly, Plaintiff's requests to waive all fees and appoint counsel are denied as moot because her case will not be reinstated.

Accordingly,

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that Plaintiff's Motion for Waiver of All Fees and Costs (including reproduction costs for case files, transcripts, and recordings), and Motion to Reinstate Case and Consolidate and Expand or Assign Legal Counsel (Doc. 19) is **DENIED**. This matter shall remain closed.

Dated this 2nd day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge